UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEF FUNDING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-6623** |
| **SHER GARNER CAHILL RICHTER KLEIN HILBERT, L.L.C.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss the plaintiff's claims filed by the defendant, Sher Garner Cahill Richter Klein Hilbert, L.L.C. ("Sher Garner"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff, CEF Funding, L.L.C. ("CEF"), has opposed the motion.[2] For the following reasons, Sher Garner's motion to dismiss is **DENIED**.

**I. Standard of Law**

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Bell Atl.Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not

---

[1] R. Doc. No. 9.

[2] R. Doc. 11.

need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Culliver, 503 F.3d at 401 (quoting Twombly, 127 S.Ct. at 1964-65).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. Spivey, 197 F.3d at 774; Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" Cutrer v. McMillan, 308 Fed. Appx. 819, 820 (5th Cir. 2009)(quoting Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir.1986)).

**II. Plaintiff's Claims**

Sher Garner argues that CEF fails to state a cause of action upon which relief can be granted under applicable Louisiana law.[3] The plaintiff alleges a violation of Louisiana's Rules of Professional Conduct.[4] "The Rules of Professional Conduct have the force and effect of substantive law." Smith v. Patout, 956 So.2d 689, 692, 2006-950 (La. App. 3 Cir. 4/11/07). Accepting all well-pleaded facts as true and liberally construing all factual allegations in the light most favorable to the plaintiff, the Court finds that the plaintiff has stated a claim upon which relief can be granted.

---

[3]R. Doc. No. 9, p. 2.

[4]R. Doc. No. 11, p. 3.

**IT IS ORDERED** that Sher Garner's motion to dismiss pursuant to Rule 12(b)(6) is **DENIED.**

New Orleans, Louisiana, January 26, 2010.

```
                    _____
                         LANCE M. AFRICK
                    UNITED STATES DISTRICT JUDGE
```