UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEF FUNDING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-6623** |
| **SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion to disqualify counsel filed by defendant, Sher Garner Cahill Richter Klein & Hilbert, L.L.C. ("Sher Garner").[1] Plaintiff, CEF Funding, L.L.C. ("CEF"), opposes the motion.[2] For the following reasons, the motion[3] is **DENIED**.

CEF filed this lawsuit on October 1, 2009, claiming that Sher Garner breached certain legal obligations created by Louisiana's Rules of Professional Responsibility.[4] CEF claims that Sher Garner owed a duty to CEF to retain possession and safeguard settlement proceeds paid to Sher Garner's former clients in *Quintessa Huey, et al. v. Super Fresh/ Sav-a-Center*, *et al.*, No. 07-cv-01169 (E.D. La. filed Mar. 3, 2007) ("*Huey* case").[5] According to CEF, Sher Garner was aware of CEF's mortgage lien and security interests in such settlement proceeds as CEF was designated as a loss payee on the insurance policies.[6] CEF claims that Sher Garner disbursed the settlement proceeds without CEF's consent.[7]

---

[1] R. Doc. No. 20.
[2] R. Doc. No. 25.
[3] R. Doc. No. 20.
[4] R. Doc. No. 1, p. 5.
[5] The defendant in the above-captioned case, Sher Garner, previously represented the plaintiffs in the *Huey* case. Sher Garner no longer serves as counsel for the *Huey* plaintiffs. The *Huey* case has since been adjudicated by this Court and it is pending before the U.S. Fifth Circuit Court of Appeals.
[6] R. Doc. No. 1 at p. 4.
[7] *Id*. at pp. 4-5.

1

Sher Garner has filed a motion requesting that two McGlinchey Stafford attorneys, Daniel Plunkett, Esq. ("Plunkett") and Richard Aguilar, Esq. ("Aguilar"), currently enrolled as counsel for plaintiff, be disqualified pursuant to Louisiana's Rules of Professional Conduct ("LRPC") and the ABA's Model Rules of Professional Conduct ("ABA Model Rules"). Sher Garner asserts that Plunkett and Aguilar will be necessary witnesses at trial because they were directly involved in the events that form the basis of plaintiff's lawsuit against Sher Garner.[8] Plaintiff opposes the motion, contending that Plunkett and Aguilar are not necessary witnesses and that disqualification is unwarranted, as well as premature. According to plaintiff, disqualification would cause plaintiff a substantial hardship.[9]

*STATEMENT OF LAW*

**I. Standard for Disqualification of Counsel**

"The proscription against an attorney serving as both an advocate and a witness in the same litigation is a long-standing ethical rule." *Federal Deposit Ins. Corp. v. United States Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995) ("*FDIC*"). In order to assess whether counsel's disqualification is warranted, the district court must consider the relevant ethical canons: (1) the local rules;[10] (2) the rules that govern attorneys practicing in state courts in the jurisdiction, *i.e.*, the Louisiana State Bar Association's Rules of Professional Conduct ("LRPC"); (3) the American Bar Association's ("ABA's") Model Rules of Professional Conduct ("the Model

---

[8] R. Doc. No. 20.
[9] R. Doc. No. 25.
[10] The Uniform Local Rules of the United States District Courts for the Eastern, Middle and Western Districts of Louisiana apply.

Rules"); and (4) the ABA's Model Code of Professional Responsibility ("the Model Code").[11] *FDIC*, 50 F.3d at 1312.

When performing this task, the district court should not apply these rules "inflexibly." *SAS Overseas Consultants v. Offshore Consultants USA, Ltd.*, 1998 WL 676992 at *1 (E.D. La. 1998). "Rather, the Court must also take into account social interests at stake, including the right of a party to its counsel of choice and an attorney's right to freely practice her profession." *Id.* (citing *FDIC*, 50 F.3d at 1314). "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." *Id.* (quoting *FDIC*, 50 F.3d at 1314).

In the Eastern District of Louisiana, the relevant local rules, the LRPC, and the Model Rules are identical. *See Lange v. Orleans Levee District*, 1997 WL 668216 at *2 (E.D. La. Oct. 23, 1997) (Clement, J.).[12] Model Rule 3.7 states:

---

[11] The Model Code was effectively superseded when the Model Rules were adopted in 1983. As explained in the ABA/BNA Lawyers' Manual on Professional Conduct:

> The ABA Model Code of Professional Responsibility was originally adopted in 1969. It was amended several times, with the last amendments adopted in 1980. In August, 1983, the ABA replaced the entire Model Code with the Model Rules of Professional Conduct, which appear at page 01:101. Although some state ethics rules still follow the Model Code, the majority of states now base their ethics rules on the Model Rules.

ABA, BNA Lawyers' Manual on Professional Conduct, 01:301 (ABA/BNA 1991, with inserts through Model Rule 24, 2004).
    With respect to lawyer-witness rules, Louisiana's RPC track the Model Rules and not the Model Code. "[T]he extent to which the Model Code should be considered is somewhat in doubt, especially when considered in light of contradictions with the Model Rules and the Louisiana Rules." *P&J Daquiri Café, Inc. v. Knox*, 2008 WL 731030 at *2 (E.D. La. Mar. 17, 2008); *see also Ayus v. Total Renal Care, Inc.*, 48 F.Supp.2d 714, 717 (S.D. Tex. Apr. 26, 1999) ("[A]s the ABA adopted the Model Rules in 1983 as a replacement for the Model Code, the Model Code arguably no longer represents the ethical rules of the national profession.").

[12] *See* RULES OF DISCIPLINARY ENFORCEMENT OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, LOCAL CIVIL RULE 83.2.10E, Rule I(D) (adopting the Rules of Professional Conduct of the Supreme Court of the State of Louisiana); ARTICLES OF INCORPORATION OF THE LOUISIANA STATE BAR ASSOCIATION, Article XVI, Rules 3.7 and 1.7; MODEL RULES OF PROFESSIONAL CONDUCT, Rules 3.7 and 1.7.

3

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
>> (1) The testimony relates to an uncontested issue;
>>
>> (2) The testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) Disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9.[13]

Model Rule 1.7, the general rule for attorney conflicts of interest, provides in relevant part that:

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's own responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
>> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>>
>> (2) the client consents after consultation. . . .

As the court explained in *Lange*:

> The Comments to Rule 1.7 note that a possible conflict of interest does not by itself preclude representation. Rather, "the appropriate inquiry is whether such conflict will materially interfere with the lawyer's independent professional judgment. . . ." Model Rule of Professional Conduct Rule 1.7 cmt. (1983). Furthermore, "[i]f the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice." *Id.*. [sic] As to client consent to continued representation, the Comments state that, "[w]hen a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent." *Id*.

1997 WL 668216 at *2.

---

[13] LRPC 1.9 and Model Rule 1.9, which are also identical, govern conflicts of interest relating to former clients and are not applicable in this case.

"A court should review a request for disqualification with 'fairly strict scrutiny.' Although any doubts are to be resolved in favor of disqualification, the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary." *Decker v. Nagel Rice LLC*, 2010 WL 1050355 at *2 (S.D.N.Y. 2010) (*citing Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009)). A court "'must be especially sensitive to the potential for abuse' when, as here, the party seeking disqualification is also the one wanting to call the attorney as a witness." *Lange*, 1997 WL 668216 at *3 (quoting *Chapman Engineers, Inc. v. Natural Gas Sales Co.*, 766 F. Supp. 949, 958 (D. Kan. 1991)).

It is plain that the extant ethical rules do not operate to disqualify either Plunkett or Aguilar from acting as advocates in pretrial proceedings. LRPC 3.7 and Model Rule 3.7 state plainly that the prohibition to a lawyer acting as an advocate is limited to those circumstances where the lawyer is likely to be a "necessary witness" "at a trial" and it does not apply to pretrial proceedings. *See Culebras Enter. Corp. v. Rivera-Rios*, 846 F.2d 94, 101 (1st Cir. 1988) ("[I]n 1982, by adopting Rule 3.7 of the Model Rules the ABA retreated to language even narrower than its original position prohibiting a lawyer-witness only from acting as 'advocate at trial.'"); *Merrill Lynch Business Financial Services, Inc. v. Udell*, 239 F. Supp. 2d 1170, 1174 (D. Colo. 2003) ("Rule 3.7(a) is a prohibition only against acting as an 'advocate at trial.' Its purpose is to avoid jury confusion at trial. It does not automatically require that a lawyer be disqualified from pretrial activities, such as participating in strategy sessions, pretrial hearings, settlement conferences, or motions practice." (other citation omitted)). [14] Accordingly, the Court need not

---

[14] *See also Main Events Prods., LLC v. Lacy*, 220 F.Supp.2d 353, 356-357 (D.N.J. 2002) ("RPC 3.7(a) is a prohibition only against acting as an 'advocate at trial.' ... [A] number of ... courts interpreting RPC 3.7 have concluded that an attorney who will testify at trial need not be disqualified from participating in pre-trial matters. [other citations omitted]. In light of the clear language of the Rule, Mr. English should not have been disqualified from participating in pre-trial matters. This construction of RPC 3.7 not only is in accord with the plain language of the Rule, it also is consistent with its intent. The Rule is designed to prevent a situation in which at trial a lawyer acts

now address whether Plunkett and Aguilar must be disqualified because they will "likely" be "necessary witness[es]" at trial.[15]

Furthermore, "Rule 3.7(a) would not prevent a witness-lawyer from [representing a client] with another lawyer who will serve as trial counsel." *Culebras Enter. Corp.*, 846 F.2d at 99 (quoting *Annotated Model Rules of Professional Conduct, ABA*, Rule 3.7, Legal Background, at 252 (1984)). Neither Plunkett nor Aguilar is identified as trial counsel for plaintiff and their disqualification at this stage is not necessary.

Sher Garner relies on *Lange* for the proposition that this Court may disqualify an attorney from representing a client at the pretrial stage. *See* 1997 WL 668216. In *Lange*, the district court disqualified an attorney and his entire firm from representing plaintiffs at any stage of the case because the attorney had "an impermissible conflict of interest with plaintiffs" pursuant to Model Rule 1.7. *Id*. at *3. As stated above, "[t]he Comments to Rule 1.7 note that a possible conflict of interest does not by itself preclude representation. Rather 'the appropriate inquiry is whether such conflict will materially interfere with the lawyer's independent professional judgment.'" *Id*. at *2 (citing Model Rule of Professional Conduct Rule 1.7 cmt. (1983)). At this time, Sher

---

as an attorney and as a witness, creating the danger that the fact finder (particularly if it is a jury) may confuse what is testimony and what is argument and otherwise creating an unseemly appearance at trial. Limiting the disqualification to advocacy at trial achieves these objectives and at the same time respects a client's right to be represented generally by an attorney of his choice").

[15] "[A] lawyer is a 'necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere." *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.,* 866 F.Supp. 1297, 1302 (D.Colo.1994). Assuming only for purposes of this motion that plaintiff has established that Plunkett and Aguilar are "likely to be. . . . necessary witness[es]" at trial, they may act as advocates at trial for plaintiff if their testimony "relates to an uncontested issue," their testimony "relates to the nature and value of legal services rendered in this case" or "disqualification of the lawyer would work substantial hardship on the client." At this stage of the proceedings, this Court need not decide whether the present situation fits within the exceptions provided in LRPC and Model Rule 3.7(a).

Garner has not demonstrated that an impermissible conflict of interest exists such that Plunkett's or Aguilar's disqualification is required.

## *CONCLUSION*

**IT IS ORDERED** that defendant's motion to disqualify counsel is **DENIED** without prejudice to defendant's right timely reurge such motion prior to trial**.**

New Orleans, Louisiana, July 9, 2010.

                                              **LANCE M. AFRICK**
                                          **UNITED STATES DISTRICT JUDGE**