UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEF FUNDING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-6623** |
| **SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.** | **SECTION I/1** |

## ORDER AND REASONS

Before the Court is a motion[1] for summary judgment filed by plaintiff, CEF Funding,

L.L.C. ("CEF").  Defendant, Sher Garner Cahill Richter Klein & Hilbert, L.L.C. ("Sher Garner")

opposes the motion.[2]  For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

CEF filed this lawsuit on October 1, 2009, claiming that Sher Garner breached certain

legal obligations created by Louisiana's Rules of Professional Responsibility.[3]  CEF claims that

Sher Garner owed a duty to CEF to retain possession and safeguard settlement proceeds paid to

Sher Garner's former clients in *Quintessa Huey, et al. v. Super Fresh/ Sav-a-Center*, *et al.*, No.

07-cv-01169 (E.D. La. filed Mar. 3, 2007) ("*Huey* case").[4]  According to CEF, Sher Garner was

aware of CEF's mortgage lien and security interests in such settlement proceeds as CEF was

designated as a loss payee on the insurance policies.[5] CEF claims that Sher Garner disbursed the

settlement proceeds without CEF's consent.[6]

---

[1] R. Doc. No. 49.
[2] R. Doc. No. 52.
[3] R. Doc. No. 1, p. 5.
[4] The defendant in the above-captioned case, Sher Garner, previously represented the plaintiffs in the *Huey* case. Sher Garner no longer serves as counsel for the *Huey* plaintiffs. The *Huey* case has since been adjudicated by this Court and it is pending before the U.S. Fifth Circuit Court of Appeals.
[5] R. Doc. No. 1 at p. 4.
[6] *Id*. at pp. 4-5.

CEF has filed a motion for summary judgment claiming that Sher Garner had an affirmative duty to safeguard the settlement proceeds.  CEF argues that the facts establishing that Sher Garner violated that duty are undisputed and it, therefore, is entitled to judgment against Sher Garner as a matter of law for the resulting damages of $3,080,325.00.

*LAW AND ANALYSIS*

**I.      STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify

specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## II. ANALYSIS

CEF asserts that the undisputed facts establish that Sher Garner violated its duties to CEF under Rule 1.15(e)[7] and is liable for the resulting damages because Sher Garner failed to safeguard funds in its possession. In support of its assertion, CEF argues that Sher Garner had actual knowledge that the funds were subject to a statutory lien in favor of CEF, yet disbursed the funds without obtaining the prior approval or consent of CEF. Even assuming that the facts support CEF's contention that Sher Garner had actual knowledge, a potential genuine issue of material fact looms with respect to CEF's approval or consent.

Sher Garner claims that CEF approved or consented to the disbursement of the funds to the Huey & Fong Trust and The Kenneth Huey Family Trust (the "Trusts") for the purchase of the Beaumont property. However, at the time it filed its opposition, Sher Garner had not yet had

---

[7] Rule 1.15 of the Louisiana Rules of Professional Conduct governs a lawyer's duties with regard to safekeeping the property of clients or third persons in the lawyer's possession. Rule 15(d) states:

> Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. For purposes of this rule, the third person's interest shall be one of which the lawyer has actual knowledge, and shall be limited to a statutory lien or privilege, a final judgment addressing disposition of those funds or property, or a written agreement by the client or the lawyer on behalf of the client guaranteeing payment out of those funds or property. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

If there are conflicting claims on that interest, section (e) applies:

> When in the course of representation a lawyer is in possession of property in which two or more persons (one of whom may be the lawyer) claim interests, the property shall be kept separate by the lawyer until the dispute is resolved. The lawyer shall promptly distribute all portions of the property as to which the interests are not in dispute.

an opportunity to conduct the discovery and depositions necessary to raise a genuine issue of material fact.  Sher Garner filed a Rule 56(f) affidavit,[8] in which it suggests that depositions of several individuals will provide admissible summary judgment evidence regarding CEF's knowledge and consent to Sher Garner's disbursement of funds to the Trusts.[9]  Since deposition testimony showing that CEF had knowledge of the disbursements and chose not to act would create a genuine issue of material fact with respect to CEF's alleged lack of consent, the Court finds that summary judgment is inappropriate at this time.[10]

**IT IS ORDERED** that plaintiff's motion for summary judgment is **DENIED WITHOUT PREJUDICE** to timely reurge the same, if appropriate, at a later date.

New Orleans, Louisiana, January 27, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[8] Rule 56(f) of the Federal Rules of Civil Procedure states:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

[9] See e.g. R. Doc. No. 52-19, pp.3-6 ("It is anticipated that Ms Huey will testify as to discussions with representatives of GE, including Atkinson, Moore and Thomas, regarding all aspects of the loan to the Trusts and communications regarding the use of amounts received from insurers, including the contemplated purchase the [sic] Beaumont property.  Ms Huey will also have information regarding the Trusts' understanding of their rights to use the insurance proceeds and the knowledge of GE and its representatives of the use of the insurance proceeds contemporaneous with their use.")

[10] Since the Court foresees a potential genuine issue of material fact with respect to an element of the plaintiff's cause of action, the Court need not consider whether potential genuine issues of material fact exist with respect to defendant's affirmative defenses.