UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CEF FUNDING, L.L.C.**                                              **CIVIL ACTION**

**VERSUS**                                                                           **No. 09-6623**

**SHER GARNER CAHILL RICHTER**                       **SECTION I/1**
**KLEIN & HILBERT, L.L.C.**

## ORDER

Before this Court is plaintiff, CEF Funding, L.L.C.'s ("CEF") motion[1] to appeal the order of the U.S. Magistrate Judge denying, in part, CEF's motion[2] to compel defendant, Sher Garner Cahill Richter Klein & Hilbert, L.L.C. ("Sher Garner"), to produce documents withheld pursuant to the attorney-client privilege and work-product doctrines. On January 6, 2011, U.S. Magistrate Judge Shushan issued an order compelling production of the documents for which the attorney-client privilege had been claimed, finding that the attorney-client privilege had been waived.[3] In the same order, Magistrate Shushan also denied the motion to compel with respect to documents withheld pursuant to the work-product doctrine as Sher Garner had not waived work-product protection.[4] CEF now appeals only that portion of the order pertaining to the application of the work-product doctrine.

Pursuant to Federal Rule of Civil Procedure 72(a), nondispositive pretrial matters decided

---

[1] R. Doc. No. 85.

[2] R. Doc. No. 75.

[3] R. Doc. No. 82.

[4] Id.

1

by the U.S. Magistrate Judge may be appealed to the U.S. District Court Judge. The order of a magistrate judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). After reviewing the U.S. Magistrate Judge's order, this Court finds that the partial denial of plaintiff's motion to compel production was not clearly erroneous or contrary to law.

CEF presents arguments to this Court in support of its position that it did not raise before the magistrate judge. Having failed to present its current arguments and evidentiary materials to the magistrate judge, CEF waived its right to present those arguments or materials to this Court on appeal. According to Moore's Federal Practice,

> A party's failure to present timely arguments, case law, or evidentiary materials to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order.

14 MOORE'S FEDERAL PRACTICE § 72.11[1][a], at 72-51 (3d ed. 2010); see also In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig., 2010 WL 4942645 *3 n.1 (C.D. Cal. July 29, 2010); Grand River Enters. Six Nations, Ltd. v. King, 2009 WL 1360686 *3 (S.D.N.Y. May 15, 2009). Furtermore, CEF has failed to make a showing that the magistrate judge's order is clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that plaintiff's appeal[5] of the U.S. Magistrate Judge's order is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion[6] to expedite hearing on its motion

---

[5]R. Doc. No. 85.

[6]R. Doc. No. 86.

to appeal the U.S. Magistrate Judge's order is **DISMISSED AS MOOT**.

New Orleans, Louisiana, January 31, 2011.

 _____
 **LANCE M. AFRICK**
 **UNITED STATES DISTRICT JUDGE**