## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

CEF FUNDING, L.L.C.                                               CIVIL ACTION

VERSUS                                                              No. 09-6623

SHER GARNER CAHILL RICHTER                              SECTION I/1
KLEIN & HILBERT, L.L.C.

### ORDER AND REASONS

Before the Court is a motion[1] for reconsideration or, in the alternative, motion for

certification filed by defendant, Sher Garner Cahill Richter Klein & Hilbert, L.L.C. ("Sher

Garner"). Plaintiff, CEF Funding, L.L.C. ("CEF") opposes[2] the motion. For the following

reasons, the motion is **DENIED**.

### *LAW & ANALYSIS*

**I.       STANDARD OF LAW**

District courts in the Fifth Circuit have entertained motions to reconsider non-dispositive

pre-trial orders relying on the standards articulated in the context of dispositive orders. Krim v.

pcOrder.com, Inc., 212 F.R.D. 329, 331 (W.D. Tex. 2002). A Rule 59(e) motion to alter or

amend judgment "calls into question the correctness of a judgment." Tex. Comptroller of Pub.

Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.), 303 F.3d 571, 581 (5th Cir.

2002).[3] It is not the proper vehicle for rehashing evidence, legal theories, or arguments that

could have been offered or raised before the entry of judgment, Simon v. U.S., 891 F.2d 1154,

1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct

---

[1] R. Doc. No. 186.
[2] R. Doc. No. 194.
[3] If the motion is filed within twenty-eight days of the judgment about which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. Shepherd v. Int'l Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004). Because defendants filed their motion less than twenty-eight days after the Court issued its order, the motion is considered as a Rule 59(e) motion.

manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D. La. 2000).

A district court has considerable discretion to grant or to deny a motion to alter or amend the judgment under Rule 59(e). See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).  The court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. See id.  "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." Jupiter v. BellSouth Telecommunications, Inc., 1999 WL 796218 (E.D. La, Oct. 5, 1999) (Vance, J.).

## II.    ANALYSIS

Defendant suggests that the Court committed manifest error in (1) ruling that plaintiff's claims were not prescribed; (2) refusing to permit defendant to raise the affirmative defenses of waiver and third-party fault; (3) striking defendant's affirmative defense of comparative fault; and (4) striking defendant's affirmative defense of failure to mitigate.  The Court addresses each contention in turn.

### A.    Peremption

In its order, the Court ruled that the prescriptive period with respect to plaintiff's claims against defendant had been interrupted by plaintiff's earlier suit against defendant's solidary obligors and, therefore, plaintiff's claims were not prescribed.  Defendant argues that the Court should not have made a finding with respect to the issue of solidary obligors because such issue

is perempted by La. R.S. § 9:5605.  Section 9:5605 governs claims for legal malpractice,

providing, in pertinent part that:

> No action for damages against any attorney at law duly admitted to
> practice in this state…, whether based upon tort, or breach of
> contract, or otherwise, arising out of an engagement to provide
> legal services shall be brought unless filed ... within one year from
> the date of the alleged act, omission, or neglect, or within one year
> from the date that the alleged act, omission, or neglect is
> discovered or should have been discovered; however, even as to
> actions filed within one year from the date of such discovery, in all
> events such actions shall be filed at the latest within three years
> from the date of the alleged act, omission, or neglect.

In Bona Fide Demolition and Recovery, LLC v. Crosby Const. Co. of Louisiana, Inc.,

2009 WL 5174742 (E.D. La. Dec. 21, 2009), another section of this Court explained:

> Section 9:5605 governs traditional legal malpractice suits,
> namely those between a client and his attorney. See Broussard v.
> F.A. Richard & Associates, Inc., 732 So.2d 578, 583
> (La.Ct.App.1999).  It does not apply to "all claims against
> attorneys in any capacity." Davis v. Parker, 58 F.3d 183, 188 (5th
> Cir.1995).  The statute's heading reads: "Actions for legal
> malpractice." La. R.S. § 9:5605.  Subsection A then elaborates on
> Section 9:5605's intended breadth by stating that an action for
> damages must arise "out of an engagement to provide legal
> services." La. R.S. § 9:5605(A).  "Legal services" are those
> "predicated on traditional legal malpractice, but not more." Davis,
> 58 F.3d at 188.  Legal malpractice claims are, generally, "those
> bases of liability that are unique to and arise out of the rendition of
> legal services ... [or] primarily concern the quality of legal
> services." Id. at 188 (citing Ronald E. Mallen & Jeffery M. Smith,
> Legal Malpractice § 1.1, at 3 (3d ed.1989)).

Id. at *4.  In Bona Fide, the plaintiff was not a client of the law firm defendant. Id. at *5.  The

court found that plaintiff's claims of contractual breach as well as intentional and negligent

representations lay in tort and contract, not legal malpractice, and, accordingly, it declined to

apply section 9:5605's statute of limitation to the plaintiff's claims. Id.

The Court finds the facts in this case analogous.  Plaintiff was never a client of the defendant and plaintiff's claims are not actions for legal malpractice as they do not primarily concern the quality of legal services.  Accordingly, the Court finds that section 9:5605 does not apply to plaintiff's claims in this case.  See Bona Fide, 2009 WL 5174742, at *5; see also Davis, 58 F.3d at 189 (finding that plaintiff's breach of contract, rescission and detrimental reliance claims were not prescribed under section 5605 because plaintiff's complaint did not concern the quality of defendant's legal services; Broussard, 732 So.2d at 586 ("We find that the legal malpractice limitation of actions statute, La. R.S. 9:5605, and its three-year peremptive period apply only to claims of legal malpractice and do not apply to the tort cause of action brought by a non-client who has no relationship with the law firm.").[4]

Defendant's remaining argument with respect to prescription is merely a reiteration of the argument previously raised in its reply to plaintiff's pre-trial memorandum.  Defendant's argument fails to address the cases holding that the filing of suit against one solidary obligor interrupts prescription as to all solidary obligors, even when the solidary obligations arise from different sources. See e.g., Bellard v. American Cent. Ins. Co., 980 So.2d 654, 663-64 (La. 2008); Hoefly v. Government Employees Insurance Co., 418 So.2d 575, 579 (La. 1982) (holding that the sources of the obligors' debts are irrelevant so long as they are both obligated to the same thing, that is, to repair the same damage).

B.      Waiver of Affirmative Defenses

Defendant argues that the Court committed manifest error in ruling that defendant had waived its right to argue waiver and third-party fault.  Federal Rule of Civil Procedure 16 states that the purposes of a pre-trial conference include: "(1) expediting disposition of the action; (2)

---

[4] The Court finds that the cases cited by defendant, Naghi v. Brener, 17 So.3d 919 (La. 2009) and Estate of Robinson v. Cont'l Cas. Co., 31 So.3d 1194 (La. Ct. App. 2010), distinguishable as the issue before those courts was whether a subsequently filed petition, which would ordinarily relate back for the purposes of prescription, could still be prescribed by section 9:5605.  Unlike this case, the plaintiffs' claims in Naghi and Robinson were for legal malpractice. See Naghi, 17 So.3d at 920; Robinson, 31 So.3d at 1201.

establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating settlement." Fed. R. Civ. P. 16(a); Fox v. Taylor Diving & Salvage Co., 694 F.2d 1349, 1356 (5th Cir. 1983) (recognizing that a district court judge has both the discretion and the responsibility to aid in narrowing the issues to be presented at trial).  In furtherance of these purposes, the Court asked both parties to set forth the claims that they would be making at trial.  Plaintiff represented that it would be asserting two intentional torts: violation of Rule 1.15 and conversion.[5]  Defendant represented that it would raise six defenses: prescription, consent, estoppel, ratification, comparative fault, and failure to mitigate.[6]

It is uncontested that defendant properly pled the affirmative defenses of waiver and third-party fault in its answers and listed them in the proposed pre-trial order.  However, defendant ignores the fact that in response to being asked point-blank which affirmative defenses it planned to raise at trial as well as in the subsequent extensive discussion setting forth a briefing schedule for the affirmative defenses, defendant failed to mention either waiver or third-party fault as an affirmative defense it planned to raise at trial.

Further, following the pre-trial conference on April 13, 2011, the Court issued a minute entry the same day documenting the representations that were made at the conference by each party.[7]  At no point before the defendant filed its response two weeks later did the defendant notify the Court that it had forgotten to mention two affirmative defenses and that it desired to raise them at trial.  Assuming the failure to mention was an oversight, instead of bringing the issue to the Court's attention as soon as it was aware so that the Court might have had an opportunity to set out a briefing schedule and independently research the legal issues involved,

---

[5] R. Doc. No. 147.
[6] Id.
[7] Id.

defendant elected to mention the additional defenses in a footnote to its response, filed on April 26, 2011.

Defendant's failure to mention all of its intended defenses at the pre-trial conference and then its subsequent failure to attempt to correct its mistake misled the Court and plaintiff as to what issues would be presented at trial.  Accordingly, the Court finds its previous ruling that defendant had waived its affirmative defenses of waiver and third-party fault was not manifestly erroneous.

C.      Striking of Comparative Fault

Defendant characterizes its third request as one for reconsideration of the Court's ruling with respect to comparative fault and contributory negligence of plaintiff.  However, the argument contained within is another reiteration of its request to permit the introduction of third-party fault evidence.  For the reasons set forth above, defendant has waived its affirmative defense of third-party fault.

D.      Striking of Failure to Mitigate

Defendant presents no new arguments for the Court's consideration with respect to the issue of mitigation.  Accordingly, the Court finds that defendant has not provided grounds for the Court's reconsideration of its striking of defendant's mitigation defense.

E.      Certification for appeal

Title 28, United States Code, Section 1292(b) provides that a district court may certify an order for interlocutory appeal when that order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  "The rule that only final decisions are appealable is intended to promote judicial economy by preventing multiple appeals in the same case." Pemberton v. State Farm Mut. Auto. Ins. Co., 996 F.2d 789, 791 (5th Cir. 1993).  The trial begins today.  Following the trial, the U.S. Court of Appeals will be able to

consider the case in its entirety.  Interlocutory appeal is inappropriate because it would not serve to "materially advance the ultimate termination of the litigation."

*CONCLUSION*

Notwithstanding the insulting and unprofessional language argued in defendant's motion, the Court will not take the bait and respond to defendant's misguided and unprincipled attempt to question this Court's motives for its rulings and its even-handedness in this litigation.[8]  The Court views such diatribe as evidencing a lock of professionalism and an attempt to direct attention away from a lack of substance and other deficiencies emanating from defense counsel's arguments.  Specifically, defendant's statement that although the Court may not personally like this case, it should not alter its duty to treat both sides fairly is nonsense.[9]  The Court's issue in this case has not been with the substance or lack of substance of any legal arguments.  The continued issue for the Court has been the acrimonious manner in which this case has been litigated.  Notwithstanding this Court's distaste for, disappointment with, and rejection of defense counsel's imprudent approach,

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, May 9, 2011.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[8] See e.g., R. Doc. No. 147 (permitting defendant to amend its answer to broaden its consent defense after the pre-trial conference); R. Doc. No. 93 (ruling that plaintiff waived its argument by failing to raise it at the appropriate time).
[9] R. Doc. No. 186-1, p.10.  See also id. at p.3 n.3.